ROBERTS, Justice.
The petitioners, Dan Wilkins and Tommy Lee Williams, were indicted, tried, convicted and adjudged guilty of murder in the first degree without recommendation to mercy. Motion for new trial timely made was denied, the cause appealed to this court and affirmed. See Wilkins and Williams v. State, Fla., 155 So.2d 129. On March 20, 1964, these petitioners sought petition for writ of habeas corpus in this court, making a collateral attack on the judgment aforementioned, and contending that the judgment is void in that (1) at all times since January 19, 1962, the date of the alleged offense, and until this date, they, the petitioners, were and are insane and incompetent; (2) that they did not have the assistance of effective counsel although they admit they did have the benefit of court appointed counsel; (3) petitioners allege that the state seized certain evidence used against them illegally and without process of court; (4) that the record does not show they were taken before a committing magistrate; and (5) that the confessions used against them were improper because of their incompetency.
The State of Florida has, since April 1, 1963, provided an efficient and effective method for making a collateral attack on a judgment and sentence in a criminal case,, and provides that application for writ of habeas corpus shall not be entertained if it appears that petitioners shall not have availed themselves of such procedure, unless; it shall appear that the remedy thereunder is. inadequate and ineffective to test the legality of their conviction. See Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924-Appendix.[1] It has not been made to appear that the relief provided under Criminal Procedure Rule No. 1 is inadequate or ineffective, and therefore the application for habeas corpus is premature and should be,, and is, denied, without prejudice to the *663 right of the petitioners to proceed under ■Criminal Procedure Rule No. 1.
It is so ordered.
DREW, C. J., and THORNAL and ■O’CONNELL, JJ., concur.
THOMAS, J., agrees to denial of petition.

. “CRIMINAL PROCEDURE RULE NO. 1.
“A prisoner in custody under Sentence of a court established by the Laws of Elorida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
“A motion for such relief may be made at any time.
“Unless the motion and the files and records of the ease conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate.
“A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
“The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
“An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
“An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied Mm relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
“This rule shall not apply to municipal courts.”